IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLENN H. GORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1165-F |
| | ) | |
| C/O WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION CONCERNING
REQUEST FOR RETURN OF LEGAL MATERIALS**

The Plaintiff has filed a "motion of retaliation," claiming confiscation of legal materials and requesting that the Court order the Lawton Correctional Facility to return all of his property. *See* Doc. 45. The Court should construe Mr. Gorton's request as a motion for a preliminary injunction and deny relief in light of the absence of a relationship between the stated grounds and the allegations in the complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[1] "Thus, a party moving for a preliminary

---

[1] *See Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the habeas petition); *accord Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his

injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[2]

In the complaint, Mr. Gorton has alleged sexual and verbal harassment and physical assault by C/O Williams. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (Oct. 17, 2007). But in his request for injunctive relief, the Plaintiff addresses wholly unrelated matters. As a result, the Court cannot issue the requested preliminary injunction.

The parties have the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1); W.D. Okla. LCvR 72.1. Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is July 28, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would waive one's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

---

original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)).

[2] *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Entered this 7th day of July, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge