IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN H. GORTON, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-07-1165-F ) |
| C/O WILLIAMS, | ) ) |
|       Defendant. | ) |

**REPORT AND RECOMMENDATION**

Mr. Glenn Gorton sues under federal law, and Mr. Williams moves for summary judgment based in part on a failure to exhaust available administrative remedies. The Court should grant the summary judgment motion.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

For purposes of summary judgment, the verified complaint is treated as a sworn affidavit. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*). But when confronted with the motion for summary judgment, Mr. Gorton had a duty "to 'go beyond

the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment.'" *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (citation omitted).

## NONEXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

In the complaint, Mr. Gorton alleges harassment and assault. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 3-4 (Oct. 17, 2007) ("Complaint"). The Plaintiff has not exhausted these allegations, and the Court should grant summary judgment to Mr. Williams.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Mr. Gorton is housed at the Lawton Correctional Facility ("LCF"), which utilizes the grievance procedures of the Oklahoma Department of Corrections ("DOC"). *See* Special Report at p. 4 (Apr. 14, 2008) ("Special Report"). According to the DOC administrative process, an inmate can attempt to informally resolve the claim with a staff member. *See* Special Report, Exh. 6 at p. 5. If this attempt is unsuccessful, the inmate can file an informal request to staff. *See id.* The prisoner can file a grievance if he is dissatisfied with the result

or if authorities fail to respond within 30 days. *See id.* at p. 6. If the inmate remains dissatisfied, he can appeal to the administrative review authority. *See id.* at pp. 9-10.

The Plaintiff failed to complete the administrative process for his claims. For example, the Plaintiff alleges that he had filed fifteen request to staff forms, which went unanswered by prison officials. *See* Complaint at p. 5; Motion of Objection to R&R, Special Report and Defendant(s) Moition [sic] to Dismiss w/Brief in Support w/Attachments at p. 1 (May 27, 2008) ("Plaintiff's Response"). Even if the requests to staff had gone unanswered,[1] Mr. Gorton could have filed grievances[2] and the Defendant presents evidence that the Plaintiff has not filed any grievances on the underlying claims.[3] Mr. Gorton has not presented contrary evidence, and the omission is fatal at the summary judgment stage.

---

[1] Mr. Williams denies the filing of any requests to staff. But Mr. Gorton stated in a verified complaint that he had filed requests to staff, and he attached many of them with his response. Complaint at p. 5; Plaintiff's Response, Attachments 1-2, 4-6. The dispute is not material, as Mr. Gorton did not thereafter complete the administrative process. *See infra* p. 4.

[2] *See Smith v. Beck*, 165 Fed. Appx. 681, 684-85 (10th Cir. Feb. 8, 2006) (unpublished op.) (holding that the lack of a response does not excuse a failure to exhaust administrative remedies because Oklahoma prisoners can "continue to appeal within the prison system even if they do not receive responses to their Requests to Staff or their grievances").

[3] The Defendant submitted affidavits reflecting sworn statements that:

- while at LCF, Mr. Gorton's only grievance related to limitations in law library access and

- Mr. Gorton filed only two grievance appeals with the DOC, and both involved unrelated allegations.

Special Report at p. 4, Exhs. 3, 5.

Mr. Gorton does state that he had "filed grievances but [did] not hear[] any thing back on them." Plaintiff's Response at p. 4. But this statement appears in an unverified brief[4] and does not create a genuine factual dispute for purposes of summary judgment.[5]

The Plaintiff also emphasizes that he had written letters to various government agencies. Plaintiff's Response at pp. 1-2; *see* Plaintiff's Response, Exhs. 7-11. But the letters would not constitute proper exhaustion of the administrative process.[6]

Mr. Gorton has not supplied any evidence of grievances on the underlying allegations. The lack of such evidence is fatal in light of the Defendant's submissions with his summary judgment motion. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Prison Litigation Reform Act] for failure to exhaust his administrative remedies."). Consequently, the Court should grant the Defendant's motion for summary judgment. *See Shaw v. Rogers*, 250 Fed. Appx. 908, 910 (10th Cir. Oct. 15,

---

[4]   *See* Plaintiff's Response at p. 4.

[5]   *See Lopez-Bignotte v. Ontivero*, 42 Fed. Appx. 404, 408 (10th Cir. July 16, 2002) (unpublished op.) (when the moving party has met the initial burden on summary judgment, the nonmoving party "cannot simply rest on the unverified allegations of its pleadings" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986))); *see also* LCvR 7.1(j) ("Factual statements . . . appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court.").

[6]   *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (upholding rejection of a prisoner's argument that a letter to an assistant attorney general had fulfilled the exhaustion requirement); *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. Oct. 2, 2003) (unpublished op.) ("Giving notice of his claims by means other than the prison's available grievance process does not satisfy [the Prison Litigation Reform Act's] exhaustion requirement." (citation omitted)).

2007) (unpublished op.) (upholding an award of summary judgment based on nonexhaustion of administrative remedies under the Prison Litigation Reform Act).[7]

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by July 28, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 7th day of July, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[7] When the plaintiff fails to exhaust administrative remedies, dismissal without prejudice is ordinarily appropriate. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1139 (10th Cir. 2005). By definition, the proposed summary judgment ruling would be "with prejudice" because the plaintiff could not re-file the suit. *See Moody v. United States*, 202 F.3d 282, 1999 WL 1127634, Westlaw op. at 2 (10th Cir. Dec. 9, 1999) (unpublished op.) ("We agree dismissals under summary judgment are 'with prejudice' and may preclude any subsequent action in the district court." (citation omitted)). But the Tenth Circuit Court of Appeals has squarely held that summary judgment may be appropriate when the plaintiff fails to present a genuine issue of material fact on exhaustion of administrative remedies under 42 U.S.C. § 1997e(a). *Fitzgerald v. Corrections Corporation of America*, 403 F.3d at 1139.